

FILED
AUG 12 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL R. THOMAS,

    Plaintiff,

v.                                                              Civil Action No: 4:13-cv-109

FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,
*fka* LEXISNEXIS SCREENING SOLUTIONS, INC.

    Defendant.

## COMPLAINT

COME NOW the Plaintiff, Michael R. Thomas ("Plaintiff"), by counsel, and for their Complaint, he states as follows:

### INTRODUCTION

1. Mr. Thomas has brought this action against First Advantage LNS Screening Solutions, Inc., *fka* LexisNexis Screening Solutions, Inc. ("Defendant" or "LNSS") for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*

2. Defendant operates as a unified consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Defendant maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database to employers and potential employers for consumers such as Mr. Thomas.

3. Plaintiff alleges an individual claim under 15 U.S.C. § 1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the

publication of Plaintiffs' consumer reports. Plaintiff had received a tentative job offer conditioned upon his employment background check. The background check that Defendant then sold to Plaintiff's prospective employer was grossly inaccurate. LNSS falsely represented that Mr. Thomas had a criminal record, *which he did not*, and thus inaccurately reported multiple felony, misdemeanor and sex offender crimes in his background check. Defendant had mixed the criminal histories of strangers with the same first and last name into the Plaintiff's report, even though those people shared little else in common. The Plaintiff did not then get the job.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division and the case is substantially related to previous and now pending matters in this Court.

5. Defendant has contracted to supply services or things in the Commonwealth of Virginia. It sells reports here. And it gathers and maintains substantial public records data from here.

6. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

## PARTIES

7. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

8. Defendant serves thousands of employer customers nationwide, from small

2

businesses to Fortune 100 companies, by providing comprehensive screening services.

9. Defendant operates as a nationwide consumer reporting agency as governed by the FCRA.

## FACTUAL ALLEGATIONS

10. Thomas applied for a job with one of Defendant's employer customers, "Aid and Assist" in August 2011 (hereinafter "Aid &Assist" or "Employer"). This is an agency that provides home health care for elderly.

11. When Thomas applied, everything moved forward with no trouble. Aid & Assist scheduled him to come in for their new hire orientation.

12. One week before Michael's scheduled training date Aid & Assist pulled a background check with LexisNexis.

13. While Thomas did not learn of the exact date this report was requested, and LNSS' records indicate "completion" of the report on August 16, 2011 (still before Plaintiff learned of the violations alleged herein), the report was first ordered on August 12, 2011.

14. The background report contained numerous misdemeanor, felony and sex offender convictions for another individual, a stranger.

15. Based on the results of the background report, Aid & Assist declined to hire him.

16. Thomas contacted Defendant to request it correct his report and delete the incorrect convictions, but by then it was to late – the Aid & Assist job was no longer available.

17. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

18. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

19. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

20. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

## CLAIM FOR RELIEF

### COUNT I - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (INDIVIDUAL CLAIM)

21. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they furnished regarding the Plaintiff.

23. As a result of this conduct by the Defendant the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on their behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

24. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

25. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive

damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff prays for relief as follows:

a. That judgment be entered for Plaintiff individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;

b. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

c. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

TRIAL BY JURY IS DEMANDED.

MICHAEL R. THOMAS

By _____
LEONARD A. BENNETT, VSB#37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: lenbennett@clalegal.com

*Counsel for Plaintiff*